UNITED STATES DISTRICT COURT

Michael R. Parkinson   et al

Janice Parkinson        petitioner

Date filed  1/6/2016

Case No. 2:15cv-00796

Supplemental

Pleading to

1983 Complaint

Vs

Sim Gill   et al

Judge     Jill Parrish

I, Janice Parkinson petitioner pro se, submit a Supplement Pleading to add to the 1983 Complaint filed on October 19, 2015

### Statement of Case

On October 19, 2015 my son, Michael Parkinson, and I filed a 1983 Complaint against the City of Murray Police Force for the harassment and fabrication of evidence that led to the wrongful incarceration of my son. Detectives of Murray police force are claiming that since my son was on Parole and had signed a Parole Agreement that they had mandatory consent to search his premises. This agreement was misconstrued by the police and his refusal to comply was merely a parole violation. The vehicle he was driving was registered to Jade Mining and, under the law, he could not give permission to search it until his Parole Officer arrived.

It is alleged that if any drugs were found in my home, they were planted to build a case against Michael Parkinson.

On December 12, 2015 Officer Walker and Officer Allred of the Murray police force, accompanied by Cynde Hughes, a child welfare worker for DCFS came into my backyard and entered my home through the back door.

This harassment by the Murray City police force cannot continue and these individuals are being added to the present case.

Defendants:   Officer Walker and Officer Allred of the Murray City police force

            Cynde Huges, DCFS worker

### Cause of Action

On December 12, 2015 Officers Walker and Allred entered my home through the back door without my knowledge. They were evidently searching for a Toniece Butterfield whom has never lived at this address.

There is such a thing as a 'knock and talk' at the front door where a warrant for search of the premises is presented to the owner of the home. CASELAW Carroll v Carman

Parkinson was in her TV room when she became aware of a police officer walking around in her home.

Parkinson learned the three offenders had followed her daughter-in-law, who is temporarily staying with Parkinson, to the backyard.

Parkinsons' daughter-in-law had only given permission to check out the basement where she was staying.

However, Parkinsons' daughter-in-law is not the owner of the home and gave consent under intimidation by the officers.

One of the officers threatened to shoot and kill my dog who was also in the backyard.

Cynde Hughes told me the next day on the phone that DCFS had a warrant and that "she would bring it by tomorrow so I could see it". It is now January 6, 2016 and I still have been given no opportunity to view it.

## Conclusion

I, Janice Parkinson, am adding these three individuals Officer Walker, Officer Allred and Cynde Hughes to the current 1983 Complaint. Murray City police and DCFS have forgotten that U.S. citizens are protected by the Constitution. Parkinsons' 4th Amendment rights to wrongful search and seizure and 14th Amendment rights of due process were violated. Cynde Hughes continues to misrepresent that a legal warrant exists. She needs to produce such a warrant as per her testimony or this is another act of false statements related to the Murray City police force and DCFS.

*Janice Parkinson*

1-13-16