IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL ROY PARKINSON,<br><br>       Plaintiff,<br>v.<br><br>STEVEN SANDERSON; ALEX JACOB HUGGARD; and TRENT BLAINE PEARSON,<br><br>       Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Case No. 2:15-CV-796<br><br>District Judge Jill N. Parrish |

On September 28, 2018, this court issued a memorandum decision and order (the "Order") granting in part and denying in part defendants' motion to dismiss. (ECF No. 66). On October 19, 2018, plaintiff Michael Roy Parkinson filed the instant motion to reconsider the Order, asking the court to reconsider its conclusion that defendants were entitled to qualified immunity with respect to certain searches alleged in the complaint. (ECF No. 70). Defendants responded in opposition on November 2, 2018. (ECF No. 74). For the reasons below, plaintiff's motion for reconsideration must be denied.

### I.  MOTION TO RECONSIDER STANDARD

"Grounds warranting a motion to reconsider[1] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error

---

[1] Mr. Parkinson styles his motion as one brought under Rule 59 of the Federal Rules of Civil Procedure. But Rule 59 provides for a motion to alter or amend a judgment, and there has been no judgment in this case. Mr. Parkinson's motion, directed as it is to a non-final order, is not explicitly provided for by the Federal Rules of Civil Procedure. Nevertheless, "[i]t is within the District Judge's discretion to revise [its] interlocutory orders prior to entry of final judgment." *See Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988); Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or

or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration may also be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

Importantly, however, a motion for reconsideration is not a vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*; *see Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (explaining that a motion to reconsider "is not at the disposal of parties who want to 'rehash' old arguments" (citation omitted)). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Nat'l Bus. Brokers, Ltd.*, 115 F. Supp. 2d at 1256 (internal brackets and quotation marks omitted); *see Christensen v. Park City Mun. Corp.*, No. 2:06-cv-202-TS, 2011 WL 772434, at *1 (D. Utah Feb. 28, 2011) ("[T]he doctrine of judicial economy requires that reconsideration be limited to situations where the Court misapprehended the facts, a party's position, or the controlling law." (internal quotation marks omitted)).

## II. ANALYSIS

Mr. Parkinson does not identify any intervening change in controlling law, nor does he provide evidence that was previously unavailable. Rather, he maintains that the Order "relie[d] on assumptions and conclusions that are not entirely accurate." (ECF No. 70). But with one exception,[2] Mr. Parkinson does not identify any inaccurate assumptions or conclusions, and

---

the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

[2] The sole "assumption" Mr. Parkinson purports to clarify relates to the court's conclusion that Utah law mandates that every parole agreement contain provisions by which parolees provide sweeping consent to have their persons, homes, vehicles, property, and personal effects searched at any time at any place by a parole officer or a law enforcement officer (subject to coordination

instead proceeds to present twelve pages of arguments on qualified immunity that were plainly available when the underlying motion to dismiss was litigated.[3]

But even if the court considered the arguments in Mr. Parkinson's motion to reconsider, they would prove unavailing. In the Order, the court reached only the clearly established prong of qualified immunity, expressly withholding any determination of whether the conduct alleged violated the Fourth Amendment. Yet Mr. Parkinson's new arguments pertain exclusively to the Fourth Amendment analysis. Thus, even if cogent, Mr. Parkinson's arguments do nothing to alter the court's conclusion that the conduct alleged did not violate a right so "clear that every reasonable official would have understood that what he is doing violates that right." *See Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015). As a result, Mr. Parkinson's motion must be denied.

---

between law enforcement and parole officers), "with or without a search warrant, and with or without cause." *See* Utah Code § 77-23-301. He now represents that the terms of his parole agreement—ignored by the court upon Mr. Parkinson's objection that the agreement was not properly before the court on a motion to dismiss—have actually effected a greater diminution of his reasonable expectations of privacy than would have been achieved by the terms prescribed by the statute. Inexplicably, Mr. Parkinson seeks to present his parole agreement to correct the purported erroneous assumption while expressly withholding the document from being considered as evidence at this stage. Whatever the net result of this evidentiary contortion, it remains entirely unclear how the parole agreement would help Mr. Parkinson to establish that the officers violated his clearly established rights by executing the searches at issue here. Thus, even if Mr. Parkinson's parole agreement justified reconsidering the Order, he has not come close to carrying his burden to produce a case that clearly establishes his right as a parolee to be free from the searches alleged in his complaint.

[3] Mr. Parkinson's principal argument in this motion for reconsideration is that under Tenth Circuit law, a parolee search must be supported by "reasonable suspicion." As the court made clear in its Order, each relevant Tenth Circuit case "involved statutes that imposed a reasonable suspicion requirement on parolee searches." (ECF No. 66 at 17 n.5). By contrast, the Utah parolee search statute—that *requires* parole agreements to contain the broad consent-to-search provisions described in the Order and above—does not mandate that searches of a parolee's person, property, vehicle, personal effects, or residence be supported by reasonable suspicion. Thus, Mr. Parkinson's protracted argument premised on these cases is defective in the first instance for failure to distinguish between the relevant Fourth Amendment standards as prescribed, in part, by state law.

### III. ORDER

For the reasons articulated, Mr. Parkinson's motion to reconsider (ECF No. 70) is **DENIED.**

Signed May 9, 2019

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge