IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL ROY PARKINSON,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>STEVEN SANDERSON *et al.*,<br><br>　　　　　　　　　　Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE**<br><br>Case No. 2:15-cv-00796-JNP-EJF<br><br>District Judge Jill N. Parrish |

　　　　Plaintiff Michael Roy Parkinson brought this action alleging several counts of constitutional violations under § 1983 arising out of a traffic stop and subsequent search of his apartment. He seeks damages from three Murray County police officers. The court referred this matter to Magistrate Judge Evelyn J. Furse pursuant to 28 U.S.C. § 636(b)(1)(B). [Docket 23]. On September 28, 2018, this court granted in part and denied in part Defendants' Motion to Dismiss for Failure to State a Claim. [Docket 66]. The only of Mr. Parkinson's claims to survive the Motion to Dismiss was a Fourth Amendment claim arising out of the traffic stop.

　　　　Defendants filed a Motion for Summary Judgment on Mr. Parkinson's remaining claim. Defendants argued that an element of the claim, whether the police officers lacked reasonable suspicion to stop Mr. Parkinson, was decided in Mr. Parkinson's state criminal proceeding, where the state court concluded in two separate suppression hearings that the officers had probable cause. On July 31, 2019, Magistrate Judge Furse entered a Report and Recommendation, recommending that the claim be dismissed. [Docket 85]. Mr. Parkinson filed a timely objection to the Report and

Recommendation. [Docket 89]. Thus, the court "must determine de novo" whether his objection has merit. FED R. CIV. P. 72(b)(3).

## DISCUSSION

### I.  Scope of Mr. Parkinson's Objection

Mr. Parkinson objects to two portions of the Report and Recommendation. First, he contends that, to the extent that the Magistrate Judge did not conclude that essentiality is a requirement of issue preclusion, Utah law was improperly applied. Second, he argues that the issue must have been essential to the resolution of the prior suit, rather than just to a final judgment. Because the probable cause issue was not essential to his earlier criminal conviction, Mr. Parkinson asserts that the Magistrate Judge improperly concluded that he is precluded from litigating the issue in this civil case.

Mr. Parkinson has conceded that he was a party to the earlier case in which the issue was first litigated, and he does not dispute that the issues are identical. He also does not dispute that the state court judge's decisions on his motions to suppress were final judgments or that the precluded issue was essential to those final judgments. The only questions that this court reviews de novo, therefore, are (1) whether the Report and Recommendation improperly failed to recognize essentiality as a requirement of issue preclusion and (2) whether an issue must have been essential to the resolution of an earlier suit as a whole in order to be precluded.

### II.  Requirements for Issue Preclusion Under Utah Law

As the Magistrate Judge noted, and contrary to Mr. Parkinson's argument, there are only four express elements of issue preclusion under Utah law:

> (i) the party against whom issue preclusion is asserted must have been a party to or in privity with a party to the prior adjudication; (ii) the issue decided in the prior adjudication must be identical to the one presented in the instant action; (iii) the issue in the first action must have been completely, fully, and fairly litigated; and (iv) the first suit must have resulted in a final judgment on the merits.

2

*Oman v. Davis Sch. Dist.*, 194 P.3d 956, 965 (Utah 2008) (quoting *Collins v. Sandy City Bd. of Adjustment*, 52 P.3d 1267, 1270 (Utah 2002)).

As is clear from this list, essentiality is not an express requirement of issue preclusion in Utah. Regardless, the Report and Recommendation addressed essentiality, recognizing that it is a general principle that Utah courts use to guide their analysis of the four aforementioned elements. Thus, Mr. Parkinson's first objection, that the Report and Recommendation did not sufficiently consider the essentiality of the issue, is without merit.

### III. Requirements of the Essentiality Principle in Utah

The court next considers whether there is any merit to Mr. Parkinson's argument that the essentiality principle requires that the issue have been essential to the resolution of the earlier suit, rather than only to a final judgment. Because issue preclusion is not "an inflexible, universally applicable principle," courts need not apply it when doing so would not serve the policy justifications underlying the doctrine. *Buckner v. Kennard*, 99 P.3d 842, 846 (Utah 2004) (citations omitted). Thus, even if courts in Utah are bound to consider the essentiality principle, they need only apply it to the extent that doing so furthers those underlying policy justifications.

#### A. Varying Applications of the Essentiality Principle

Because the essentiality principle is a tool used by courts to ensure that the underlying purposes of the issue preclusion doctrine are met, its application varies based on the context of the case. In some cases, for example, Utah courts apply the essentiality principle to ensure that the second element of issue preclusion, issue identity, is met. When addressing whether the issues are identical, the caselaw indicates that the issue in the first suit must have been "essential to [the] resolution of that suit." *Robertson v. Campbell*, 674 P.2d 1226, 1230–31 (Utah 1983). This strict language is, however, confined to the analysis of that particular element. *See id.*; *Fowler v. Teynor*,

323 P.3d 594, 597–98 (Utah Ct. App. 2014); *Cook v. Aagard*, 547 F.App'x 857, 859–60 (10th Cir. 2013) (unpublished opinion). In this case, because Mr. Parkinson had already conceded that the issues are identical, the Report and Recommendation did not analyze this element. The application of the essentiality principle in this context is therefore irrelevant. Thus, the court need not further engage with it. *See Cook*, 547 F.App'x. at 859–60 (concluding that because the plaintiff had conceded that the issues were identical, the court did not need to engage in the essentiality inquiry).

In other cases, courts in Utah have addressed essentiality in the context of whether the issue was fully and fairly litigated. This application of the principle is more relevant to Mr. Parkinson's case, as whether the issue had been fully and fairly litigated was central to the Report and Recommendation's analysis. Courts addressing the principle of essentiality in this context use less stringent language. For example, the Utah Supreme Court has approvingly referred to the Restatement (Second) of Judgments, which defines issue preclusion as appropriate when "an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment." *Oman*, 194 P.3d at 966 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982)). The focus in such cases is on whether the issue was essential to an earlier "final judgment," and thus was not decided in a collateral or incidental determination. *See id.* Because this is the context in which the Magistrate Judge considered the essentiality principle, the question in this case is whether a "final judgment" must have resolved the earlier case in order for issue preclusion to apply.

B.      Definition of Final Judgment on the Merits

The Utah Supreme Court has not clearly defined "final judgment" for purposes of the essentiality principle. As has been addressed, however, the doctrine of issue preclusion tends to be applied flexibly, when doing so would further the policy justifications underlying it. *Buckner*, 99 P.3d at 846. Thus, when analyzing whether an issue was fully and fairly litigated, Utah courts are

primarily concerned with ensuring that the issue was not decided in an incidental judgment. The Utah Court of Appeals in *Heywood v. Department of Commerce, Division of Real Estate*, 414 P.3d 517 (Utah Ct. App. 2017), for example, indicated that a judgment is final in this context when "(i) it was not tentative, (ii) the parties had an opportunity to be heard, and (iii) there was an opportunity for review." *Id.* at 523 (quoting *Carpenter v. Young*, 773 P.2d 561, 568 (Colo. 1989)).

Similarly, other courts in Utah have focused this inquiry on whether the issue was treated as an important one in the earlier suit. *See Oman*, 194 P.3d at 966 ("The issue was squarely before the federal court, was litigated by the parties, and was necessary to the court's final judgment on the § 1983 claim."); *Buckner*, 99 P.3d 846 ("[O]nce a party has had his or her day in court and lost, he or she does not get a second chance to prevail on the same issues"); *Harline v. Barker*, 912 P.2d 433, 443 (Utah 1996) ("[T]he issue was fully, fairly, and competently litigated and . . . [it] was essential to the bankruptcy court's judgment."); *Noble v. Noble*, 761 P.2d 1369, 1375 (Utah 1988) ("[T]he key issue . . . was in fact litigated in the [earlier] action . . . ."); *Heywood*, 414 P.3d at 523 ("[A] decision that fully resolves an issue on the merits, after giving the parties an opportunity to be heard, is final for purposes of issue preclusion . . . ."). Utah courts do not emphasize the role that the issue played, or did not play, in resolving the case. Rather, they focus on whether the issue was essential to a judgment recognized by the parties and the earlier court as an important determination worthy of full litigation.

Further, a final judgment for issue preclusion purposes need not come after a full trial, nor must it dispose of the case. In *Heywood*, the court noted that "a decision that fully resolves an issue on the merits, after giving the parties an opportunity to be heard, is final for purposes of issue preclusion even if the parties agree to a settlement that results in dismissal." *Id.* at 523. Similarly, in *Cook v. Aagard*, the Tenth Circuit (in an unpublished opinion) concluded that a finding of

5

probable cause after a suppression hearing during the plaintiff's earlier criminal case bound him in a later civil action. *Cook*, 547 F.App'x at 859–60.

Broadly, the "final judgment" inquiry is focused on furthering the purpose of the "completely, fully, and fairly litigated" element, ensuring that the parties truly had their day in court. As the Magistrate Judge noted, the thing to look for is a determination resulting from full litigation by the parties and careful consideration by the court, as opposed to merely an incidental or collateral finding. *See* Charles A. Wright, Arthur R. Miller & Edward H. Cooper, 18 Fed. Prac. & Proc. Juris. § 4421 (3d ed. 2019). An issue that was essential to a final judgment, even one that did not resolve the entire suit, is unlikely to have been a collateral or incidental decision. The Magistrate Judge therefore properly concluded that the essentiality principle's purpose is met when the issue was essential to a final judgment like the judgments made in Mr. Parkinson's state criminal proceeding.

**IV.     Other Elements of Issue Preclusion**

Mr. Parkinson objects only to the aforementioned portions of the Magistrate Judge's Report and Recommendation. He does not dispute that the first two elements of issue preclusion have been met. He also does not dispute that the rulings on the motions to suppress were final judgments or that the precluded issue was essential to those judgments.

Due to his failure to object to any other sections of the Report and Recommendation, Mr. Parkinson has waived any argument that those sections were in error. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The court will decline to apply the waiver rule only if "the interests of justice so dictate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Having reviewed the Report and Recommendation, the court concludes that the

remaining sections of the Report are not clearly erroneous. The court finds that the interests of justice do not warrant deviation from the waiver rule.

## ORDER

For the aforementioned reasons, the court hereby **OVERRULES** Mr. Parkinson's objection, [Docket 89], and **ADOPTS IN FULL** Magistrate Judge Furse's Report and Recommendation. [Docket 85]. Mr. Parkinson's action is **DISMISSED**.

Signed September 30, 2019

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge